IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLEN ELLYN PHARMACY, INC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| SEPRACOR, INC., ) | Removed from the Circuit Court of Cook |
| and JOHN DOES 1-10, ) | County, Illinois, County Department, |
| ) | Chancery Division, |
| Defendants. ) | No. 10 CH 3610 |

## NOTICE OF REMOVAL

Defendant Sepracor Inc. ("Sepracor"), by and through its attorneys, hereby removes this action to the United States District Court for the Northern District of Illinois, Eastern Division pursuant to the procedures of 28 U.S.C. §§ 1441, 1446, and 1453 asserting the federal Court's jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1367. The action was pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division. In support of the Notice of Removal, Sepracor states as follows:

1. This Court has two independent bases for asserting subject matter jurisdiction over this case: (a) federal question jurisdiction under the Telephone Consumer Protection Act, 47 U.S.C. § 227, (the "TCPA") and (b) diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). Removal is proper under either basis.

## PROCEDURAL BACKGROUND

2. Plaintiff Glen Ellyn Pharmacy, Inc. ("Glen Ellyn") originally filed this case on January 27, 2010 in the Circuit Court of Cook County, Illinois, County Department, Chancery Division styled as *Glen Ellyn Pharmacy, Inc. v. Sepracor, Inc. and John Does 1-10,* number 10 CH 3610 (the "State Court Action"). Plaintiff alleges that Sepracor sent unsolicited

199161_1

fax advertisements to it and numerous others in violation of the TCPA. (*See* Compl., attached as Exh. 1, ¶¶ 7-10, 25.) Plaintiff also asserts class claims under the Illinois Consumer Fraud Act and for conversion. (*Id.*, ¶¶ 35, 50.)

3. On February 9, 2010, Plaintiff served the summons and complaint. This Notice of Removal is timely under 28 U.S.C. § 1446(b). A copy of the summons and complaint are attached as Exhibit 1. On February 16, 2010, Plaintiff filed a motion for class certification, a copy of which is attached as Exhibit 2.

4. Sepracor has not been served with any other documents in the State Court Action and, thus, under 28 U.S.C. § 1446(a) the attached summons, complaint, and motion for class certification constitute "all process, pleadings, and orders served upon" Sepracor.

5. This Court is the proper venue for removal because the Circuit Court of Cook County, Illinois, County Department, Chancery Division is located within the geographical boundaries of the U.S. District Court for the Northern District of Illinois, Eastern Division. *See* 28 U.S.C. § 93(a)(1).

6. In accordance with 28 U.S.C. § 1446(d), Sepracor will promptly file in the State Court Action a copy of this Notice with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Chancery Division.

### THE STATE COURT COMPLAINT

7. Plaintiff purports to bring Count I of his complaint under the TCPA. (Compl. ¶ 22.)

8. Plaintiff is a citizen of Illinois. (*Id.* ¶ 3.)

9. Defendant Sepracor is a Delaware corporation with its principal place of business in Massachusetts.

10. Plaintiff purports to represent three classes consisting of persons who were sent faxes by or on behalf of Defendant "promoting its goods or services for sale," and who were "not provided an 'opt out' notice as described in 47 U.S.C. § 227." (*Id.* ¶¶ 27, 43, 56.) The first class purports to go back four years; the second, three years; and the third, five years. (*Id.*)

11. Plaintiff has not sought to restrict class membership for the first class to any particular state or region. (*Id.* ¶ 27.) Plaintiff has sought to restrict class membership for the second and third classes to persons with Illinois fax numbers. (*Id.* ¶¶ 43, 56.)

## THE COURT HAS TWO INDEPENDENT BASES FOR JURISDICTION.

12. This Court has original jurisdiction over the State Court Action for two reasons, either of which will support removal. The TCPA raises a federal question and the complaint creates diversity jurisdiction under CAFA. *Benedia v. Super Fair Cellular, Inc.*, No. 07 C 1390, 2007 WL 2903175, at *1 (N.D. Ill. Sept. 26, 2007) ("The Seventh Circuit's decision in *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005) settled this issue. In *Brill*, the Court concluded that TCPA claims brought in state court may be removed to federal court under *either* the Class Action Fairness Act ('CAFA') *or* the general removal provision.") (emphasis orig.).

### The TCPA Creates Federal Question Jurisdiction.

13. The State Court Action asserts violations of the TCPA, a federal statute. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over claims brought under the TCPA. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 451 (7th Cir. 2005) (TCPA claims may be removed to federal court); *Benedia*, 2007 WL 2903175, at *1 (TCPA claims brought in state court may be removed); *G.M. Sign, Inc. v. Franklin Bank, S.S.B.*, No. 06 C 949, 2006 WL 1132386, at *3 (N.D. Ill. Apr. 19, 2006) (*Brill* is controlling authority requiring

that the Court exercise subject matter jurisdiction over removed TCPA claims). Thus, this Court has original jurisdiction under 28 U.S.C. § 1331.[1]

14. Sepracor is entitled to remove this case for federal question jurisdiction. *See* 28 U.S.C. § 1441(b).

15. This action is properly removed under 28 U.S.C. §§ 1441 and 1446.

### The Court Has Diversity Jurisdiction Under CAFA.

16. Independently of federal question jurisdiction, this Court also has original jurisdiction over the State Court Action under CAFA. *See* 28 U.S.C. § 1332(d)(2). CAFA expanded the Court's diversity jurisdiction to give it original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—(A) any member of a class of plaintiffs is a citizen of a State different from any defendant." *Id.* The State Court Action asserts a class action that meets both the diversity and jurisdictional amount requirements.

17. First, the State Court Action alleges diversity of citizenship. Plaintiff does not limit class membership by state for its TCPA claim and has, thus, asserted a nationwide putative class. (Compl. ¶ 27.) This necessarily creates diversity between the putative class and Sepracor.

18. Moreover, Plaintiff and Sepracor are also diverse parties; Plaintiff is a citizen of Illinois; Sepracor, Delaware and Massachusetts. (*Id.* ¶¶ 3, 4.)

19. Second, the State Court Action meets the jurisdictional amount under CAFA. The complaint does not contain an *ad damnum* allegation. However, Plaintiff claims

---

[1] If the Court exercises solely its federal question jurisdiction over the State Court Action's TCPA claim, the Court should exercise supplemental jurisdiction over the related Illinois Consumer Fraud Act and conversion claim. *See* 28 U.S.C. § 1367.

$500 in statutory damages for every allegedly unsolicited fax. (*Id.* ¶ 22, 24.) Plaintiff may additionally be entitled to trebling of the damages under 47 U.S.C. § 227. (*Id.*) Thus, just 3,333 allegedly offending faxes over the last four years would meet the $5,000,000 threshold. This is less than 834 advertising faxes per year, or less than 70 per month.

20. Plaintiff's complaint suggests significantly more faxes than such minimal numbers. Plaintiff accuses Sepracor of using faxes for "advertising." (*E.g. Id.* ¶ 17.) Plaintiff also alleges that the faxes were sent as part of a "mass broadcasting of faxes." (*Id.* ¶ 16.) It follows that a business engaged in fax advertising would send thousands of fax advertisements every month.[2] In fact, Plaintiff concedes that the class "is so numerous that joinder of all members is impractical." (*Id.* ¶ 28.) As CAFA requires the Court to consider the aggregate recovery of the class, the $5,000,000 aggregate threshold is easily met. *See* 28 U.S.C. § 1332(6) ("the claims of the individual class members shall be aggregated").

21. In addition to statutory damages, the complaint seeks actual damages, injunctive relief, attorney's fees, costs of suit, and other relief. (Compl. ¶¶ 33, 48, 61.) The cost to Sepracor for all of this relief may also be used to establish the jurisdictional amount under CAFA. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512 (7th Cir. 2006) (actual damages, attorneys' fees and punitive damages considered as part of amount in controversy for jurisdictional amount); *The Home Depot, Inc. v. Rickher*, No. 06-8006, 2006 WL 1727749, at *2 (7th Cir. May 22, 2006) (cost of injunctive relief to defendants counts toward jurisdictional amount).

---

[2] Advertising, by definition, involves widespread promotion. *See* BLACK'S DICT. at 63 (9th ed. 2009) (defining "advertising" as "1. The action of drawing the *public's* attention to something... 2. The business of producing and *circulating* advertisements.") (emphasis added).

22. Here, if the complaint is taken as true, the injunctive relief would limit Sepracor's advertising activities. Thus, the cost of the injunctive relief would constitute the value of Sepracor's lost business due to a lack of marketing, which would be significant.

23. Moreover, the cost of complying with the requested injunctive relief are appended to the statutory damages per fax Plaintiff seeks for the class to determine whether the jurisdictional amount has been met. *See Oshana*, 472 F.3d at 512. Plaintiff in fact states that conducting an advertising campaign by mail instead of fax would cost the defendant an extra $480,000 in printing and mailing costs alone. (Compl. ¶ 40.) Here, the complaint in the State Court Action meets the jurisdictional amount, establishing this Court's original jurisdiction over the case. *See Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.") (citation omitted).

24. Finally, publicly available settlements, which have been entered into court records and cannot be reasonably disputed, confirm that the potential amount in controversy is likely to exceed $5,000,000. The Court can take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also In re Consol. Indus. Corp.*, 397 F.3d 524, 527 (7th Cir. 2005) (taking judicial notice of order approving settlement). Stipulated settlements that are part of the public record in other cases asserting similar TCPA violations indicate that the damages sought by the putative classes will easily exceed the CAFA $5,000,000 threshold. *E.g. Gans v. Seventeen Motors, Inc.*, 01-L-478 (Ill. Cir. Ct. July 1, 2002) ($6.5 million class settlement for alleged "junk faxing" in violation of TCPA); *see also Accounting Outsourcing,*

6

*L.L.C. v. Verizon Wireless Personal Commnc'ns., L.P.*, No. 03-cv-161, 2007 U.S. Dist. LEXIS 97153, (M.D. La. Aug. 2, 2007) ($6 million class settlement for alleged "junk faxing" in violation of TCPA); *People of the State of California v. Fax.com Inc.,* No. 03-01438 (S.D. Calif. May 30, 2007) ($45,408,000 in settlements for alleged unsolicited facsimile advertising services and prerecorded telephone call services in violation of TCPA and an unfair business statute).

25. None of the exceptions to CAFA apply here. *See* 28 U.S.C. §§ 1332(d)(3) & (4).

\*    \*    \*

WHEREFORE, Defendant Sepracor gives notice to the Court of the removal of this action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division to the United States District Court for the Northern District of Illinois, Eastern Division and respectfully requests that this Court exercise jurisdiction over the claims asserted in the action as if the case were originally filed before this Court.

Dated: March 10, 2010                                  Respectfully submitted,


/s/ Anand C. Mathew
One of the Attorneys for Defendant
Sepracor Inc.

Ian H. Fisher (fisher@sw.com)
Anand C. Mathew (mathew@sw.com)
Schopf & Weiss LLP
One South Wacker Drive, 28th Floor
Chicago, Illinois 60606
312.701.9300