# Exhibit 1

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| **SUMMONS** | **ALIAS - SUMMONS** | **(8/01/08) CCG N001** |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____CHANCERY_____ DIVISION

No. 10CH03610

GLEN ELLYN PHARMACY, INC.
_____
(Name all parties)

v.

SEPRACOR, INC., and John Does 1-10
_____

Sepracor, Inc.
c/o Andrew I. Koven, Registered Agent,
or Person Otherwise Authorized to
Accept Service
84 Waterford Drive
Marlborough, MA 01752

### SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room __802__, Chicago, Illinois 60602

☐ **District 2 - Skokie**      ☐ **District 3 - Rolling Meadows**      ☐ **District 4 - Maywood**
    5600 Old Orchard Rd.         2121 Euclid                 1500 Maybrook Ave.
    Skokie, IL 60077             Rolling Meadows, IL 60008     Maywood, IL 60153

☐ **District 5 - Bridgeview**      ☐ **District 6 - Markham**      ☐ **Child Support**
    10220 S. 76th Ave.          16501 S. Kedzie Pkwy.      28 North Clark St., Room 200
    Bridgeview, IL 60455       Markham, IL 60426         Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: __41106__

Name: Edelman, Combs, Latturner, & Goodwin, LLC

Atty. for: __Plaintiff__

Address: __120 S. LaSalle St., Suite 1800__

City/State/Zip: __Chicago, IL 60603__

Telephone: __(312) 739-4200__

Service by Facsimile Transmission will be accepted at: _____

WITNESS __JAN 2 7 2010__

DOROTHY BROWN
_____
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

_____
(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Atty. No. 41106

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

GLEN ELLYN PHARMACY, INC.,                      )
      Plaintiff,                                    )
      v.                                            )
SEPRACOR, INC.,                                 )
and JOHN DOES 1-10,                             )
      Defendants.                                   )

10CH036610

## COMPLAINT – CLASS ACTION

### MATTERS COMMON TO MULTIPLE COUNTS

#### INTRODUCTION

1.    Plaintiff Glen Ellyn Pharmacy, Inc., brings this action to secure redress for the actions of defendant Sepracor, Inc., in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

2.    The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

#### PARTIES

3.    Plaintiff Glen Ellyn Pharmacy, Inc. is a corporation with offices in the Chicago metropolitan area, where it maintains telephone facsimile equipment.

4.    Defendant Sepracor, Inc., is a Massachusetts corporation. Its registered agent is Andrew I. Koven and its offices are located at 84 Waterford Drive, Marlborough,

1

Massachusetts 01752.

   5. Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

<u>**JURISDICTION AND VENUE**</u>

   6. Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

     a. Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

     b. Have transacted business in Illinois.

<u>**FACTS**</u>

   7. On November 12, 2009, Plaintiff Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as <u>Exhibit A</u> on its facsimile machine.

   8. Between November 12, 2009 and December 15, 2009, Plaintiff Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as <u>Exhibit B</u> on its facsimile machine.

   9 On December 15, 2009, Plaintiff Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as <u>Exhibit C</u> on its facsimile machine.

   10. On January 19, 2010, Plaintiff Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as <u>Exhibit D</u> on its facsimile machine.

   11. Discovery may reveal the transmission of additional faxes as well.

   12. Defendant Sepracor, Inc., is responsible for the actions of the individuals who sent the faxes.

   13. Defendant Sepracor, Inc., as the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

   14. Each fax refers to a website used by defendant Sepracor, Inc.

   15. Plaintiff had no prior relationship with defendant and had not authorized

2

the sending of fax advertisements to plaintiff.

16. On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

17. On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

18. There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

19. Furthermore, the "opt out notice" required by the TCPA even when faxes are sent with consent or pursuant to an established business relationship was not provided in the faxes at issue.

## COUNT I – TCPA

20. Plaintiff incorporates ¶¶ 1-19.

21. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

22. The TCPA, 47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

   **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

   **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

   **(C) both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of**

3

this paragraph.

23.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.  Furthermore, plaintiff's statutory right of privacy was invaded.

24.     Plaintiff and each class member is entitled to statutory damages.

25.     Defendants violated the TCPA even if their actions were only negligent.

26.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

27.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Sepracor, Inc., promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

28.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

29.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

a.     Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

b.     The manner in which defendants compiled or obtained their list of fax numbers;

c.     Whether defendants thereby violated the TCPA;

d.     Whether defendants thereby engaged in unfair  acts and practices, in violation of the ICFA.

4

      e.     Whether defendants thereby converted the property of plaintiff.

30.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

31.     A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

32.     Several courts have certified class actions under the TCPA. Sadowski v. Med1 Online, LLC, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); Hinman v. M & M Rental Ctr., 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008); Kavu, Inc. v. Omnipak Corp., 246 F.R.D. 642 (W.D.Wash. 2007); Gortho, Ltd., v. Websolv, 03 CH 15615 (Cir. Ct. Cook Co., March 6, 2008); Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510, 2004 WL 3105679 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); Lampkin v. GGH, Inc., 146 P.3d 847 (Okla. Ct. App. 2006); Display South, Inc. v. Express Computer Supply, Inc., 961 So.2d 451, 455 (La. App. 1st Cir. 2007); Display South, Inc. v. Graphics House Sports Promotions, Inc., 992 So. 2d 510 (La. App. 1st Cir. 2008); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 203 Ariz. (App.) 94, 50 P.3d 844 (2002); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see State of Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

33.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of

plaintiff and the class and against defendants for:

        (1)    Actual damages;

        (2)    Statutory damages;

        (3)    An injunction against the further transmission of unsolicited fax advertising;

        (4)    Costs of suit;

        (5)    Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

34.      Plaintiff incorporates ¶¶ 1-19.

35.      Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

36.      Unsolicited fax advertising is contrary to the TCPA and also Illinois public policy, as set forth in 720 ILCS 5/26-3(b), which makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

37.      Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

38.      Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

39.      Defendants engaged in such conduct in the course of trade and commerce.

40.      Defendants' conduct caused recipients of their advertising to bear the cost thereof. This gave defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting

6

junk mail with the postage due". Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

41. Defendants' shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair. In addition, defendants' conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

42. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

43. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date 3 years prior to the filing of this action, and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Sepracor, Inc., promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

44. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

45. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a. Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

b. Whether defendants thereby violated the TCPA;

c. Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

d. Whether defendants thereby converted the property of plaintiff.

46. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving

7

unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

47.     A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

48.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

(1)     Appropriate damages;

(2)     An injunction against the further transmission of unsolicited fax advertising;

(3)     Attorney's fees, litigation expenses and costs of suit;

(4)     Such other or further relief as the Court deems just and proper.

## COUNT III – CONVERSION

49.     Plaintiff incorporates ¶¶ 1-19.

50.     By sending plaintiff and the class members unsolicited faxes, defendants converted to their own use ink or toner and paper belonging to plaintiff and the class members.

51.     Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

52.     By sending the unsolicited faxes, defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

8

53.     Defendants knew or should have known that such  appropriation of the paper and ink or toner was wrongful and without authorization.

54.     Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose.   Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

55.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

56.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date 5 years prior to the filing of this action and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Sepracor, Inc., promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

57.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

58.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

a.      Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

b.      Whether defendants thereby violated the TCPA;

c.      Whether defendants thereby committed the tort of conversion;

d.      Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

e.      Whether defendants thereby converted the property of plaintiff.

59.     Plaintiff will fairly and adequately protect the interests of the class.

9

Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

60.     A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

61.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

(1)     Appropriate damages;

(2)     An injunction against the further transmission of unsolicited fax advertising;

(3)     Costs of suit;

(4)     Such other or further relief as the Court deems just and proper.

_____
Daniel A. Edelman

Daniel A. Edelman
Michelle R. Teggelaar
Julie Clark
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
Atty. No. 41106

T:\23962\Pleading\Complaint_Pleading.wpd

10

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

_____
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

11

# <u>EXHIBIT A</u>

(630) 469-8590

### Important Information for Pharmacists:

# OMNARIS is the only branded INS with a generic level copay ($11)* per prescription**



## Reduces the Patient's Out-of-Pocket Costs
### Every Prescription and Refill

### How it works:

- Patients can register for a card or activate an existing card at **www.omnaris.com** or by calling **1-866-278-9738**

- Once the card is activated, patients can start saving

- Patients can then present this card with an Omnaris prescription at the pharmacy

- Visit **www.omnaris.com** for program eligibility rules

OMNARIS Nasal Spray is for the treatment of seasonal allergic rhinitis in patients 6 years of age and older, and perennial allergic rhinitis in patients 12 years of age and older.

The most common side effects that may occur with OMNARIS are headache, epistaxis, nasopharyngitis, and ear pain. For full safety information, please see Immornaris.com.



*  Average generic-level copay in 2009 was $11.

** Up to original copay amount of $61 with a maximum reduction of $50. Good for up to 12 prescription refills. Certain restrictions apply. Please visit www.omnaris.com for program eligibility rules.


(ciclesonide) Nasal Spray, 50 mcg

©2009 Sepracor Inc. Marlborough, MA 01752   All rights reserved.       10/09   OMN 194-09
⊘ and SEPRACOR are registered trademarks of Sepracor Inc. OMNARIS is a trademark of Nycomed GmbH, used with permission.

# EXHIBIT B

(630) 469-8590

# Do patients ever ask about the high copay of an inhaled corticosteroid?

## What if you could tell them their copay could be reduced to $0* with ...



**The ALVESCO Instant Rebate Program**

## How it works:

- Patients can register for a card or activate an existing card at **www.alvesco.us** or by calling **866-782-7852**

- Once card is activated, patient can start saving

- Visit **www.alvesco.us** for program eligibility rules

*For qualifying patients only. Reduce your copay to $0 (up to a maximum savings of $75 per prescription) for up to 12 prescriptions/refills through 12/31/09. Restrictions apply.

ALVESCO is indicated for the maintenance treatment of asthma as prophylactic therapy in adult and adolescent patients 12 years of age and older. For important safety information, please see full prescribing information at www.alvesco.us <http://www.alvesco.us>

Alvesco®
(ciclesonide)
Inhalation Aerosol 80 mcg, 160 mcg

©2009 Sepracor Inc. Marlborough, MA 01752   All rights reserved.     9/09      ALV 116-09
and SEPRACOR are registered trademarks of Sepracor Inc.
ALVESCO is a registered trademark of Nycomed GmbH, used with permission.

Glen Ellyn Pharmacy
(630) 469-8590

## Important announcement on BROVANA, a twice-daily maintenance treatment for COPD

**Effective December 1, 2009**

*When clinically appropriate for Medicare Part B patients with COPD...*

## Prior use of a nebulized SABA* is no longer a coverage requirement for BROVANA

| | Current Coverage Criteria | Effective December 1, 2009 |
|---|---|---|
| Approved ICD-9 Diagnosis Codes for BROVANA | ✔ | ✔ |
| Documented Medication History | Use of nebulized SABA (eg, XOPENLX® Inhalation Solution ≥ 3 times a day, or albuterol or DuoNeb® ≥ 4 times a day) for 90 days | **No prior history of SABA use†** (Other coverage criteria may apply.) |

# BROVANA will still be reimbursed under a unique code: J7605‡

Process BROVANA prescriptions under **Medicare Part B**

*SABA - short-acting beta-agonist
†No guarantee of coverage.
DuoNeb is a registered trademark of Dey, L.P.

BROVANA is indicated for the long-term, twice-daily (morning and evening) maintenance treatment of bronchoconstriction in patients with chronic obstructive pulmonary disease (COPD), including chronic bronchitis and emphysema. BROVANA is for use by nebulization only.

**Important Safety Information**

Long-acting beta$_2$-adrenergic agonists may increase the risk of asthma-related death. Data from a large placebo-controlled US study that compared the safety of another long-acting beta$_2$-adrenergic agonist (salmeterol) or placebo added to usual asthma therapy showed an increase in asthma-related deaths in patients receiving salmeterol. This finding with salmeterol may apply to arformoterol (a long-acting beta$_2$-adrenergic agonist), the active ingredient in BROVANA.

For complete BROVANA Prescribing Information including Boxed Warning, please visit http://www.brovana.com.

SEPRACOR and BROVANA are registered trademarks of Sepracor Inc.
©2009 Sepracor Inc., Marlborough, MA 01752. All rights reserved. 11/09 BRO191-09

*Twice-Daily*
**Brovana** 15
*[arformoterol tartrate] Inhalation Solution*

*Get them back into daily living*

# EXHIBIT D

(630) 469-8590
Glen Ellyn Pharmacy

ATTENTION PHARMACISTS:

# 2009 ALVESCO
# Instant Rebate Cards
# Are Valid For 2010



- Please continue helping patients reduce the cost of their inhaled corticosteroid* by honoring all ALVESCO Instant Rebate cards.

- Updated ALVESCO Instant Rebate cards are currently being shipped to Healthcare Professionals as replacements.

- In the meantime, cards that have a required fulfillment date of 12/31/2009 have been extended and are still valid for use.

**2009**         **2010**



<- VALID FOR ->

IMMEDIATE USE!

*For qualifying patients only. Reduce your copay to $0 (up to a maximum savings of $75 per prescription) for up to 12 prescriptions/refills through 12/31/2010. Restrictions apply. For complete program information, please visit www.alvesco.us/hcp/pharmacists.html

ALVESCO is indicated for the maintenance treatment of asthma as prophylactic therapy in adult and adolescent patients 12 years of age and older.

For important safety information, please see full prescribing information at www.alvesco.us



Inhalation Aerosol 80 mcg, 160 mcg

©2010 Sepracor Inc., Marlborough, MA 01752 All rights reserved. 1/10 ALV016-09
Ø and SEPRACOR are registered trademarks of Sepracor Inc.
ALVESCO is a registered trademark of Nycomed GmbH, used with permission.

Exhibit 2

Atty. No. 41106

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

GLEN ELLYN PHARMACY, INC.,          )
                                    )
              Plaintiff,            )          10 CH 03610
                                    )
      v.                            )
                                    )
SEPRACOR, INC.,                     )
and JOHN DOES 1-10,                 )
                                    )
              Defendants.           )

## NOTICE OF FILING

**TO:**    Please see Certificate of Service.

            **PLEASE TAKE NOTICE** that on February 16, 2010, I caused to be filed with
the Clerk of the Court for the Circuit Court of Cook County, Chancery Division, the following
document: **PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**, a copy of which is
attached hereto and hereby served upon you.

                                    _Julie Clark_
                                    Julie Clark

Daniel A. Edelman
Julie Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200 (p)
(312) 419-0379 (f)

## CERTIFICATE OF SERVICE

I, Julie Clark, certify that I had a copy of the foregoing document sent on February 16, 2010, by United States mail, to:

Sepracor Inc.
 c/o Registered Agent
Andrew I. Koven
84 Waterford Drive
Marlborough, M A 01752

_Julie Clark_
Julie Clark

Daniel A. Edelman
Julie Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200 (p)
(312) 419-0379 (f)

Atty. No. 41106

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| GLEN ELLYN PHARMACY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 10 CH 03610 |
| | ) | |
| v. | ) | |
| | ) | |
| SEPRACOR, INC., | ) | |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, Glen Ellyn Pharmacy, Inc., respectfully requests pursuant to 735 ILCS

5/2-801 et seq., that this Court certify the following classes, as described in Plaintiff's Class

Action Complaint:

> All persons and entities with facsimile numbers (1) who, on or after January 27, 2006, or such shorter period during which faxes were sent by or on behalf of defendant Sepracor, Inc., (2) were sent faxes by or on behalf of defendant Sepracor, Inc., promoting its goods or services for sale (3) and who were not provided an "opt out" notice that complies with federal law. *(Count I)*

> All persons and entities with Illinois fax numbers (1) who, on or after January 27, 2007, or such shorter period during which faxes were sent by or on behalf of defendant Sepracor, Inc., (2) were sent faxes by or on behalf of defendant Sepracor, Inc., promoting its goods or services for sale (3) and who were not provided an "opt out" notice that complies with federal law. *(Count II)*

> All persons and entities with Illinois fax numbers (1) who, on or after January 27, 2005, or such shorter period during which faxes were sent by or on behalf of defendant Sepracor, Inc., (2) were sent faxes by or on behalf of defendant Sepracor, Inc., promoting its goods or services for sale (3) and who were not provided an "opt out" notice that complies with federal law. *(Count III)*

Several courts have certified class actions under the TCPA: *Sadowski v*

1

*Med1Online, LLC.* 2008 U.S. Dist. LEXIS 12372 (N.D. Ill. May 27, 2008) *Hinman v. M & M Rental Ctr.*, 521 F. Supp.2d 739 (N.D. Ill. Apr. 7, 2008) (for litigation purposes); *Display South, Inc. Express Computer Supply, Inc.*, 961 So.2d 451 (La. App. 2007); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App., 2006); *Rawson v. C.P. Partners d/b/a Comfort Inn-O'Hare*, 03 CH 15165 (Cook Co. Cir. Ct.); *Telecommunications Design Network v. McLeodUSA, Inc.*, 03 CH 8477 (Cook Co. Cir. Ct.); *CE Design v. Trade Show Network Marketing Group, Inc.*, No. 03 CH K 964 (Cir. Ct. Kane Co., Dec. 2, 2004); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 03 CH14510 (Cook Co. Cir. Ct .); *Bogot v. Olympic Funding Chicago*, No. 03 CH 11887 (Cook Co. Cir. Ct.); *Stonecrafters, Inc. v. Wholesale Life Ins. Brokerage, Inc.*, 03 CH 435 (McHenry Co. Cir. Ct.); *Rawson v. Robin Levin d/b/a The Ridgewood Organization*, 03 CH 10844 (Cook Co. Cir. Ct.) (for settlement purposes); *Kerschner v. Answer Illinois, Inc.*, 03 CH 21621 (Cook Co. Cir. Ct.) (for settlement purposes); *Kerschner v. Murray and Trettel, Inc.*, 03 CH 21621 (Cook Co. Cir. Ct.) ( for settlement purposes); *Prints of Peace, Inc., d/b/a Printers, Inc. v. Enovation Graphic System, Inc.*, 03 CH 15167 (Cook Co. Cir. Ct.) ( for settlement purposes); *Law Office of Martha J. White, P.C. v. Morrissey Agency Inc.*, 03 CH 13549 (Cook Co. Cir. Ct.) (for settlement purposes); *Kerschner v. Fitness Image, Inc.*, 04 CH 00331 (Cook Co. Cir. Ct.) (for settlement purposes); *INSPE Associates, Ltd.. v. Charter One Bank*, 03 CH 10965 (Cook Co. Cir. Ct.) (for settlement purposes); *Bernstein v. New Century Mortgage Corp.*, 02 CH 06907 (Cook Co. Cir. Ct.) (for settlement purposes); *Gans v Seventeen Motors, Inc.*, 01-L-478 (Madison Co. Cir. Ct.) (for settlement purposes); *Telecommunications Network Design, Inc. v. Paradise Distributing, Inc.*, 03 CH 8483 (Cir. Ct. Cook Co., Feb. 1, 2006); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000); *ESI Ergonomic Solutions, LLC v. United Artists Theatre*

2

*Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *General Repair Services of Central Indiana, Inc. v. Soff-Cut International, Inc.*, 49D03-0109-CP-1464 (Marion Co., Ind. Super. Ct., Feb. 22, 2002); *Gold Seal v. PrimeTV*, No. 49C01-0112-CP-3010 (Marion County, Indiana, August 29, 2002); *Kenro, Inc. v. APO Health, Inc.*, No. 49D12-0101-CP-000016 (Ind. Nov. 3, 2001) (same); *Biggerstaff v. Ramada Inn and Coliseum*, 98-CP-10-004722, (S.C. C.P., Feb. 3, 2000); *Biggerstaff v. Marriott International, Inc.*, 99-CP-10-001366 (C.P. S.C., Feb 20, 2000); *WPS, Inc. v. Lobel Financial, Inc.*, No 01CP402029 (C.P. S.C., Oct. 15, 2001) (same); *Syrett v. Allstate Ins. Co.*, No. CP-02-32-0751 (S.C.C.P. Aug. 12, 2003) (same); *Lipscomb v Wal-Mart Stores, Inc.*, No. 01-CP-20-263 (S.C.C.P. June 26, 2003) (same); *Battery, Inc. v. United Parcel Service, Inc.*, No. 01-CP-10-2862 July 26, 2002) (same); *Jemiola v. XYZ Corp.*, No. 411237 (C.P. Ohio, Dec. 21, 2001)(same); *Salpietro v. Resort Exchange International*, No. GD00-9071 (Allegheny Co. C.P.)(same); *Chaturvedi v. JTH Tax, Inc.*, No. CD-01-008851 (Pa. C.P. Oct 1, 2001) (same); *Dubsky v Advanced Cellular Communications, Inc.*, No. 2004 WL 503757 (Ohio C.P. Feb. 24, 2004) (same); *Inhance Corp. v. Discount Vacation Rentals*, No. LALA 004377 (Iowa Dist. Jan. 5, 2001) (same); *Inhance Corp. v. Special T Travel Services, Inc.*, No. LALA 004362 (Iowa Dist. Dec. 8, 2000) (same). Several others were certified in a Louisiana federal court, against Kappa Publishing Group, Monroe Systems, and Satellink Paging (The Advocate, Capital City Press, Dec. 28, 2005, p. 1).

  Plaintiff will file a supporting Memorandum of Law in due course.

  WHEREFORE, Plaintiff respectfully requests that this Court enter an order pursuant to 735 ILCS 5/2-801, certifying the classes set forth above.

3

Respectfully submitted,

Julie Clark

Daniel A. Edelman
Julie Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200 (p)
(312) 419-0379 (f)

4