UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLEN ELLYN PHARMACY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 10 C 1594 |
| ) | |
| SEPRACOR INC., ) | Judge Pallmeyer |
| and JOHN DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

## FINAL APPROVAL ORDER

On September 7, 2010, this Court preliminarily approved the Class Settlement Agreement reached between Glen Ellyn Pharmacy, Inc. ("Plaintiff") and Sepracor Inc. ("Sepracor").

The Court approved two forms of notice for the class. The Court is informed that actual notice was sent by facsimile to 33,291 Class Members. In addition, 22,380[1] notices were sent via First Class U.S. Mail in the forms approved by the Court to those parties on the list to whom fax notice could not be successfully sent. No Class Members have requested exclusion and no objections were received. A total of 8,783 Class Members submitted valid claim forms in advance of the November 22, 2010 deadline and eight valid claims forms were received after the November 22, 2010 deadline.

On January 7, 2011, the Court held a fairness hearing to which Class members, including any with objections, were invited.

The Court, being fully advised in the premises, **Hereby Orders**:
1. The Class is defined as:

---

[1] Plaintiff's Counsel used the address directory provided by Defendant in compiling the mailing list for notice to Class Members. One-hundred and fifty (150) class members had multiple addresses listed and were provided a mailed notice to each address.

(a) all persons and entities throughout the United States; (b) who, between January 27, 2005 and February 16, 2010; (c) were sent facsimiles by or on behalf of Sepracor that advertise or promote any of Sepracor's property, goods or services. The Court has certified this class and finds that it is appropriate under FED. R. CIV. P. 23.

2. The Court finds that the provisions for notice to the Class (i) are the best form of notice in these circumstances; (ii) are reasonably calculated, under the circumstances, to apprise all Class Members of the pendency of this action; (iii) are the only notices required, and (iv) satisfy the requirements of all applicable state laws, FED. R. CIV. P. 23 and due process.

3. The Court hereby permits the <u>eight</u> (8) Class Members who submitted claims forms after the deadline of November 22, 2010 to participate in the distribution of the Settlement Fund.

4. The Court finds that the settlement is fair and reasonable, and hereby approves the **CLASS SETTLEMENT AGREEMENT** submitted by the parties, including the Plaintiff's and Settlement Class' release of the claims and the Defendant's payment to create a Settlement Fund of $2,430,000.00. The Court further approves the distribution of the Settlement Fund as follows:

   a. Payment of $10,000 to Plaintiff Glen Ellyn Pharmacy, Inc.;

   b. Payment of costs and expenses of sending notice to the Class in the amount of $14,661.65 and for delivering Class Member Settlement payments (estimated at $4,930.50), totaling $19,592.15.

   c. Payment of attorney's fees and costs to Class Counsel in the amount of $729,000.00;

   d. The balance of the Settlement Fund, after payment of subparagraphs a-c of this Paragraph, shall be distributed *pro rata* among those members of the Class who returned a duly executed claim form that was timely or

        otherwise specifically approved by the Court, with an estimated payment of $22.07 per Group A Class Member and $220.72 per Group B Class Member; and

    e.    Any amount of the Settlement Fund that remains as undistributed, including all sums remaining in the Settlement Fund as the result of the failure of Class members to cash checks made payable to them within the time limits prescribed under subparagraph d, shall be paid as a *cy pres* distribution to The Legal Assistance Corporation of Central Massachusetts.

5.    Release:

As of the Effective Date of the Settlement Agreement, Plaintiff and the Class Members grant Defendant the following releases:

    a.    Plaintiff, Glen Ellyn Pharmacy, Inc., including each and every one of its respective past, present or future affiliates, officers, doctors, employees, agents, representatives, attorneys (as counsel for Glen Ellyn Pharmacy, Inc.), heirs, assigns, or any other person acting on its behalf or for its benefit, or any person claiming through it (collectively "Releasors"), hereby fully releases and discharges: Sepracor, as well as its predecessors and successors in interest and its present and former affiliates, parents (including without limitation Dainippon Sumitomo Pharma Co. Ltd.), subsidiaries, insurers, officers, directors, attorneys, employees, and agents, (with all the foregoing released parties in this paragraph being collectively referred to as the "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time, which Releasors, now have, did have, or may have in the future against the Released Parties, or any of them, arising in any way from the sending of facsimiles by or on behalf of Sepracor prior to the date of the Agreement. Without limiting the generality of the foregoing, Releasors release the Released Parties of all claims that were made or that could have been made in the lawsuit that is the subject of the Agreement.

    b.    Each member of the Settlement Class who does not opt out of the class in accordance with the Agreement fully releases and discharges the

Released Parties from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time, arising from (i) the transmission or receipt from January 27, 2005 through February 16, 2010 of any facsimiles by or on behalf of the Released Parties, or any of them, that advertise or promote any of Sepracor's property, goods or services and (ii) the receipt from January 27, 2005 through February 16, 2010 of any such facsimiles by any member of the Settlement Class who does not opt out of the class in accordance with the Agreement. The foregoing releases release and discharge unknown claims, which are claims that could have been raised in this Lawsuit that Plaintiff or members of the Settlement Class do not know or suspect to exist, which, if known may affect their agreement to release the Released Parties, and may affect their decision to agree, object, or not object to the Agreement.

c. The Agreement may be pleaded as a full and complete defense to any action, suit or other proceeding that may be instituted or prosecuted with respect to the claims released herein.

6. The Court finds the Agreement fair and made in good faith.

7. The Court directs the Defendant to deliver sums equal to the Settlement Fund to Class Counsel within fourteen (14) business days of the Effective Date, as required by the Settlement Agreement.

8. Within five (5) business days after Class Counsel's deposit of the Settlement Funds has cleared, the counsel for the Parties shall file an agreed motion requesting dismissal of the Litigation with prejudice and without costs (other than such costs payable from the Settlement Fund, as authorized by the Court as part of this Final Approval Order).

9. Class Counsel shall distribute the Settlement Funds in accordance with the provisions of this Final Approval Order within 35 days of the Effective Date of the Settlement Agreement.

DATE: January 7, 2011    ENTERED: _____
The Honorable Rebecca Pallmeyer
United States District Judge